

# NUMBER 13-23-00108-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

EDCOUCH-ELSA INDEPENDENT
SCHOOL DISTRICT,                                                    Appellant,

v.

COMPREHENSIVE TRAINING
CENTER, LLC AND ERI
FUNDING GROUP, INC.,                                              Appellees.

## ON APPEAL FROM THE 357TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Tijerina and Peña
Memorandum Opinion by Justice Tijerina**

Appellant Edcouch-Elsa Independent School District (District) appeals the trial

court's denial of its plea to the jurisdiction in favor of appellees Comprehensive Training

Center, LLC (CTC) and ERI Funding Group Inc (ERI). By its sole issue, the District argues

that the trial court erred in denying the plea because its superintendent, Gregory Rodriguez, did not have authority to enter into two contracts with appellees on its behalf. We reverse and render.

## I. BACKGROUND

On November 19, 2020, Rodriguez contracted with appellees, who procure grants for public schools, for grant writing services and thereafter terminated the contracts on September 23, 2021. When appellees demanded payment of the contracts' fees, the District refused to pay.

On April 14, 2022, appellees sued the District asserting that the District breached the contracts because appellees performed their contractual duties, which resulted in the District receiving two grants for a total of approximately $8,000,000, and the District refused to pay the fees. Appellees claimed that the District owed ERI 7.114% and CTC 2.886% of the total grant award.

On July 20, 2022, the District filed a plea to the jurisdiction, asserting the contracts were not properly executed because Rodriguez lacked authority to enter into them on behalf of the District. Specifically, the District asserted that, according to its local policy, Rodriguez was authorized "to make budgeted purchases for goods or services"; however, the policy required approval from the board of trustees for "any single, budgeted purchase of goods or services that cost $25,000 or more." The District stated that the cost of each contract was over $25,000 and no board member was aware of these contracts, considered the contracts, or approved the contracts. Thus, the District claimed that the contracts were not properly executed, the District did not breach the contracts, and

2

appellees' claims are barred by immunity. The District attached Rodriguez's affidavit, the contracts, and invoices for appellees' services.

Appellees responded asserting payment for their services in an amount over $25,000 cannot be considered a "cost" for which the District's local policy requires board approval. Appellees explained that the District entered into a contingency contract, which did not require immediate payment, as opposed to a flat fee contract. According to appellees, when the District entered into the contract, it was not obligated to make any payment unless the District were awarded a grant. Therefore, appellees claimed that the contingency contracts were not a "cost" exceeding $25,000. Appellees further argued that the District could not retroactively seek to deny proper execution of the contracts only after grant monies exceeding $25,000 were received rather than evaluating proper formation at the time the contracts were executed. Appellees attached the District's termination letter, appellees' demand letters, and Rodriguez's deposition testimony to their response.

The trial court denied the plea to the jurisdiction. This appeal followed.

## II. PLEA TO THE JURISDICTION

By its sole issue, the District argues that the trial court erred in denying its plea to the jurisdiction.

### A. Standard of Review & Applicable Law

We review a plea challenging the trial court's jurisdiction de novo because whether a court has subject-matter jurisdiction is a question of law. *See State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007). When a plea to the jurisdiction challenges the existence of

jurisdictional facts, we consider relevant evidence submitted by the parties. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 227 (Tex. 2004). The standard of review then "generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)." *Id.* at 228. We credit evidence favoring the nonmovant, draw all reasonable inferences in the nonmovant's favor, and resolve any doubts in the nonmovants favor. *See id.* The movant must challenge subject-matter jurisdiction "and present conclusive proof that the trial court lacks subject-matter jurisdiction." *Houston Cmty. Coll. Sys. v. HV BTW, LP*, 589 S.W.3d 204, 209 (Tex. App.—Houston [14th Dist.] 2019, no pet.). Thereafter, "the plaintiff must present evidence sufficient to raise a material issue of fact regarding jurisdiction, or the plea will be sustained." *Id.*

Generally, as governmental entities, school districts are entitled to governmental immunity from suit. *See El Paso Educ. Initiative, Inc. v. Amex Props., LLC*, 602 S.W.3d 521, 526 (Tex. 2020). Chapter 271 of the Texas Local Government Code waives that immunity as to local governmental entities that enter into contracts for goods or services for the purpose of adjudicating claims for breach of contract. *See* TEX. LOC. GOV'T CODE ANN. § 271.152. For immunity to be waived under Chapter 271, there must be "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is *properly executed* on behalf of the local governmental entity." *Id.* § 271.151(2)(A) (emphasis added); *see El Paso*, 602 S.W.3d at 531. The parties dispute whether the contracts here were "properly executed" as § 271.151(2)(A) requires. "[A] contract is properly executed when it is executed in accord with the statutes and regulations prescribing that authority." *El Paso*, 602 S.W.3d at 532.

4

**B.     Discussion**

The District argues on appeal that the Board had not delegated Rodriguez the authority to enter into the contracts because the Board did not include any money in the budget for grant writing services and because the local policy prohibits Rodriguez from entering into unbudgeted contracts. Appellees assert "no budget line-item was required" because these contracts "were not flat-fee contracts and required no expenditures by the District when the contracts were formed or executed."

In his deposition, Rodriguez testified that he was offered two options for a contract with appellees: the first was a flat-fee rate of $8,000 regardless of whether a grant was ultimately secured; the second was a contingency fee that would not require payment unless a grant were secured. Rodriguez was asked, "[D]id the school district have the money to pay for a flat-fee grant writing at the time you entered into this agreement," and he responded, "I would say that it hadn't been specifically budgeted for." Rodriguez stated that as a result of the fees being unbudgeted, he "wanted to have an option to pay [appellees] once [the District] was awarded the [grant] money." Rodriguez stated that securing grant funding "was not one of [his] specific goals," he did not discuss his efforts to secure grant funding with the board at any time, and this was something he did "completely" on his own with the help of his assistant superintendent. According to Rodriguez, "no one in [his] office talked to the school board about grant funding." The board was not aware of the contracts, did not consider the contracts, and did not approve the contracts.

5

The Texas Education Code requires that an independent school district's governing board of trustees enter contracts unless the board delegates its contractual authority to the superintendent "as appropriate." *See* TEX. EDUC. CODE ANN. § 11.1511(c)(4). In its plea to the jurisdiction, the District attached its local policy demonstrating Rodriguez's delegated authority. In relevant part, the "Purchasing and Acquisition" section states:

> The Board delegates to the Superintendent the authority to make *budgeted* purchases for goods or services. However, any single, *budgeted* purchase of goods or services that costs $25,000 or more, regardless of whether the goods or services are competitively purchased, shall require Board approval before a transaction may take place.

(Emphasis added). A superintendent is responsible for preparing "a proposed budget covering all estimated revenue and proposed expenditures of the district for the following fiscal year." *Id.* § 44.002. "Budget" is defined as "[a] sum of money allocated to a particular purpose or project." Budget, Black's Law Dictionary (11th ed. 2019). Here, the board delegated to Rodriguez the authority to make *budgeted* purchases only and to seek board approval of any *budgeted* purchases exceeding $25,000. It is undisputed that these contracts were unbudgeted. Rodriguez further stated that because there were no funds specifically budgeted for grant writing services, he wanted to give himself the "option" to repay appellees once grants were awarded to the District. However, the board did not delegate authority to the superintendent to give himself an "option" to make an unbudgeted purchase. *See id.* § 11.1511(c)(4). Therefore, Rodriguez had no authority to enter into these contracts. *See id.*

6

Appellees did not provide evidence in the trial court to refute that Rodriguez made an unbudgeted purchase. Instead, appellees argue that because these contracts initially required no expenditures when they were formed, "no budget line-item was required." However, the local policy does not provide for an exception in this regard. Instead, consistent with the Texas Education Code, the local policy provides that the superintendent may only make purchases that are "budgeted," regardless of whether an expenditure was required at the time the contracts were executed. *See id.* § 44.006. ("Public funds of the school district may not be spent in any manner other than as provided for in the budget adopted by the board of trustees."). Merely because fees were not due at a contract's inception does not mean that said contract's later-accrued fees, however steep, need not be budgeted. Because the contracts were not "budgeted purchases," Rodriguez had no delegated authority to enter into them, and the contracts were not "properly executed" for purposes of Chapter 271. TEX. LOC. GOV'T CODE ANN. § 271.151(2)(A); *El Paso*, 602 S.W.3d at 532. Accordingly, the trial court erred when it denied the District's plea to the jurisdiction, and we sustain the District's sole issue.

### III.    CONCLUSION

We reverse the judgment of the trial court and render judgment granting the District's plea to the jurisdiction and dismissing appellees' claims with prejudice.

JAIME TIJERINA
Justice

Delivered and filed on the
8th day of August, 2024.

7